IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-152-DSC

| | |
|---|---|
| MARY ALICE LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Plaintiff's Dispositive Brief" (document #9), "Defendant's Memorandum …" (document #12) and "Plaintiff's Reply Brief" (document #13).[1]

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and the matter is ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>affirm</u> the Commissioner's decision.

### I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on October 20, 2022. She assigns error to the Administrative Law Judge's conclusion that her diabetes and cervical degenerative disc disease

---

[1] Following recent amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and Local Civil Rule 7.2, the parties no longer file dispositive motions.

were not severe impairments. "Plaintiff's Dispositive Brief" (document #9); "Plaintiff's Reply Brief" (document #13).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence.  Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2]  She challenges the ALJ's determination that her diabetes and cervical degenerative disc disease were not severe impairments.   The Commissioner follows a five-step sequential evaluation process when adjudicating claims of disability. 20 C.F.R. § 416.920. At step two of the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment that also meets the twelve month durational requirement of the Act. 20 C.F.R. §§ 416.920(a)(4)(ii), (c). If not, the claimant is not disabled. Id.

A non-severe impairment is one that does not significantly limit a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 416.922. Basic work activities are the abilities and aptitudes necessary to do most jobs including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. Id.  Plaintiff bears the burden of proof at step two. Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

1995). See also Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007) ("Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard.") (internal citation omitted).

The ALJ's finding that Plaintiff's diabetes and cervical disc disease were non-severe impairments at step two was consistent with this regulatory framework. A medical diagnosis alone is insufficient to establish severity at step two. A claimant must also present evidence that resulting limitations significantly affected her ability to do basic work activities. 20 C.F.R. §§ 416.920(c), 416.921(a); see also Grant v. Kijakazi, No. 1:20CV897, 2022 WL 595135, at *6 (M.D.N.C. Feb. 28, 2022), R&R adopted, No. 1:20CV897, 2022 WL 981118 (M.D.N.C. Mar. 31, 2022) ("[A]lthough a claimant must have objective medical evidence to survive step two, see, e.g., 20 C.F.R. §§ 404.1508; 416.908, ALJs may consider additional evidence, including 'an individual's symptoms and functional limitations[,] to determine whether his or her impairment(s) is severe' if . . . 'the objective medical evidence alone' does not 'establish[ ] a severe medically determinable impairment,' Social Security Ruling 16-3p, Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2017 WL 5180304, at *11 (Oct. 25, 2017)."). As the ALJ properly determined, Plaintiff failed to demonstrate any such limitations arising from her diabetes or cervical degenerative disc disease. The mere diagnosis of those impairments is not enough to establish severity (Tr. 22-27); Thompson v. Astrue, 442 F. App'x 804, 808 (4th Cir. 2011).

The ALJ explained that with respect to Plaintiff's diabetes, the evidence showed that she was told in March 2019 to change her diet after her Hgb A1c was 7.0% (Tr. 26, 295). By September 2019, it had improved to 6.4 (Tr. 26, 303), which was borderline diabetic (Tr. 26, 338). In June 2020, Plaintiff reported that she felt well and had no new issues or concerns (Tr. 26, 338). In December 2020, her A1c was up again at 6.8%, but she declined medication (Tr. 26, 465). She

was diagnosed with diabetes in July 2021, and her primary care practitioner prescribed Tresiba (Tr. 26, 461) after her A1c came back greater than 14%. Plaintiff began seeing an endocrinologist in August 2021 when she was on Lantus. She was still not checking her blood sugar or following a diabetic diet (Tr. 26, 487). The most recent endocrinology record from September 2021 indicates that her A1c came down to 9.5% (Tr. 26, 484). At that time, Plaintiff had normal sensation (Tr. 26, 484, 491) and there was no evidence of diabetic complications.

Plaintiff points to a single notation from August 2021 that her diabetes was "uncontrolled" (Tr. 486) and she needed insulin. But she points to no actual functional limitations established in the record from her diabetes, nor does she point to any authority to support her argument that taking insulin directly correlates with a functional limitation. Plaintiff was not following a low-carbohydrate diet or checking her blood sugar in August 2021 (Tr. 487). Despite not taking those steps to control her diabetes, she had no peripheral neuropathy symptoms, diminished sensation, or soft tissue break down (Tr. 486). She reported arthralgias and swelling, but no muscle weakness or decrease in concentration (Tr. 487). At other treatment visits during the relevant period, her physical examinations were unremarkable (Tr. 297). As the ALJ correctly concluded, the record contained no evidence of complications from her diabetes (Tr. 26). This evidence supports the ALJ's finding that Plaintiff did not experience any limitations in her ability to perform basic work activities.

The ALJ also explained that x-rays supported a finding that her cervical degenerative disc disease was a medically determinable impairment. But Plaintiff complained of pain, tenderness, and reduced sensation in her left shoulder for less than twelve months. (Tr. 26-27, 354-55, 376, 378, 416, 427), After first complaining about those symptoms in October 2020, she declined to pursue steroid injections after seeing an orthopedist. She followed a short course of physical

therapy instead (See Tr. 416; see also Tr. 390-407). Plaintiff's "issue resolved with [that] treatment" at her primary care visit in July 2021, only nine months after her first report of relevant symptoms. She did not report symptoms related to her left upper extremity, and had a normal physical exam (Tr. 27, 461, 464). Accordingly, substantial evidence supports the ALJ's conclusion that this issue resolved with treatment in less than twelve months and did not amount to a severe impairment (Tr. 27). 20 C.F.R. § 416.905(a).

The ALJ applied the correct legal standards. Substantial evidence supports her conclusion that Plaintiff did not suffer from a severe impairment and was not disabled.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. The Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: March 7, 2023

David S. Cayer
United States Magistrate Judge